UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

COREY SCELSI,

                Plaintiff,

    v.                                      Civil Action No.

CHARTER COMMUNICATIONS, INC.
d/b/a SPECTRUM BUSINESS SERVICES,

                Defendant.
───────────────────────────────────────────

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Corey Scelsi, is a natural person residing in County of Erie and State of New York.

5. Defendant, Charter Communications, Inc. d/b/a Spectrum Business Services ("Spectrum") is a foreign business corporation organized under the laws of Connecticut doing business in the State of New York.

6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. In or about March 2022, Defendant began calling Plaintiff on his cellular telephone multiple times per week and often times multiple times in a single day.

16. That the Defendant would leave automated and/or pre-recorded voice messages on Plaintiff's cellular telephone that pertained to Spectrum Business Services being interrupted.

17. That at the time the Defendant initiated the telephone calls to the Plaintiff's cellular telephone; it did not have Plaintiff's express consent to call him.

18. In or about March 2022, Plaintiff had multiple telephone conversations with the Defendant wherein he informed them they were contacting the wrong person and to stop calling him on his cellular telephone. Defendant stated that they would remove Plaintiff's number from their system.

19. That despite the above statement to the Plaintiff to stop calling his cellular telephone, Defendant continued to call the Plaintiff.

20. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

21. Many of the prerecorded messages from the Defendant to the Plaintiff were regarding the Spectrum service interruption: "Spectrum Business Services has been interrupted. To speak with a live representative, please press 1 or call 855-922-0773. Again, speak to a live representative, please press 1 or call 855-922-0773. Thank you."

22. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to deliberately call Plaintiff on his cellular telephone using an automatic dialing system as defined by the TCPA.

23. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

24. That Plaintiff was annoyed and upset over the continued calls to his cellular telephone.

25. That upon information and belief, that the Defendant initiated multiple telephone calls and voicemails to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted artificial messages.

V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

26. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

27. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiff to make such calls and leave such messages.

28. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

31. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

32. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

33. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c) Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d) For such other and further relief as may be just and proper.

Dated: June 21, 2022

/s/Seth J. Andrews _____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com